```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

BRADBURN PARENT TEACHER    :
STORE, INC.,                        :
On Behalf of Itself and     :
Others Similarly Situated   :      CIVIL ACTION
                             :
          v.             :
                             :      NO. 02-7676
3M (MINNESOTA MINING AND   :
MANUFACTURING COMPANY)     :

**MEMORANDUM**

**Padova, J.**                                    _____, 2005

      Plaintiff, Bradburn Parent Teacher Store, Inc. ("Bradburn"), has brought this antitrust class action against Defendant 3M for damages arising out of 3M's anti-competitive conduct during the time period from October 2, 1998 through the present.  Presently before the Court is 3M's "Motion for Certification of the Court's June 9, 2005 Collateral Estoppel Order Pursuant to 28 U.S.C. § 1292(b)."  For the reasons that follow, said Motion is granted.

I.    BACKGROUND

      The conduct of 3M which forms the basis of this class action lawsuit was the subject of a prior lawsuit in this Court, Le Page's, Inc. v. 3M, Civ. A. No. 97-3983 (E.D. Pa.).  In that suit, LePage's, Inc., a competing supplier of transparent tape, sued 3M alleging, *inter alia*, unlawful maintenance of monopoly power in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.  After a nine-week trial, the jury found in favor of LePage's on its unlawful maintenance of monopoly power claim.  The jury awarded damages in the amount of $22,828,899.00, which were subsequently

trebled to $68,486,697.00.  See Le Page's, Inc. v. 3M, Civ. A. No. 97-3983, 2000 WL 280350 (E.D. Pa. Mar. 14, 2000).  3M filed a Motion for Judgment as a Matter of Law, which this Court denied on March 14, 2000.  See id.  3M thereafter appealed this Court's denial of its Motion for Judgment as a Matter of Law to the United States Court of Appeals for the Third Circuit ("Third Circuit"). A Third Circuit panel initially reversed this Court's Order upholding the jury's verdict and directed the Court to enter judgment for 3M on LePage's' unlawful maintenance of monopoly power claim.  LePage's, Inc. v. 3M, 277 F.3d 365 (3d Cir. 2002) ("LePage's I").  Upon rehearing *en banc*, the Third Circuit vacated the panel decision and reinstated the original jury verdict against 3M.  LePage's, Inc. v. 3M, 324 F.3d 141 (3d Cir. 2003) ("LePage's II"), cert. denied 124 S. Ct. 2932 (2004).

The Complaint in the instant litigation alleges one count of monopolization in violation of Section 2 of the Sherman Act.  The Complaint asserts that 3M unlawfully maintained monopoly power in the transparent tape market through its bundled rebate programs[1] and through exclusive dealing arrangements with various retailers. The Complaint further alleges that, as a result of 3M's conduct,

---

[1] As described at length in the LePage's litigation, 3M's bundled rebate programs provided purchasers with significant discounts on 3M's products.  However, the availability and size of the rebates were dependant upon purchasers buying products from 3M from multiple product lines. See LePage's II, 324 F.3d at 154-55.

Bradburn and other class members[2] have "suffered antitrust injury." (Compl. ¶ 27).  The damages period in this case runs from October 2, 1998 to the present.  (Id. ¶ 2).  On August 11, 2003, Bradburn filed a Motion for Partial Summary Judgment seeking the application of collateral estoppel several issues which Bradburn claimed had been fully and fairly litigated in LePage's.  By Memorandum and Order dated March 30, 2005, the Court denied Bradburn's Motion, but found that collateral estoppel nonetheless applied to find certain facts without substantial controversy and established upon the trial of the instant action pursuant to Federal Rule of Civil Procedure 56(d).  (03/30/2005 Memorandum and Order at 41.)  3M thereafter filed a motion for reconsideration or, in the alternative, certification for interlocutory appeal of paragraphs 2, 3 and 4 of the Court's May 30, 2005 decision.  3M argued, *inter alia*, that the Court improperly granted collateral estoppel effect to the jury's findings in LePage's for the entire time period from June 11, 1993 to October 13, 1999.  By Memorandum and Order dated June 9, 2005, the Court granted in part 3M's motion for reconsideration, and amended the May 30, 2005 Order to read as follows:

---

[2] On August 18, 2004, the Court certified as a class "[a]ll persons who directly purchased invisible or transparent tape from 3M between October 2, 1998 and the present, who have not purchased, for resale under the class member's own label, any 'private label' invisible or transparent tape from 3M or any of 3M's competitors at any time from October 2, 1988 to the present."  (August 18, 2004 Memorandum and Order.)

1.   For the time period from June 11, 1993 to
     October 13, 1999, the relevant market in this
     matter is the market for invisible and
     transparent tape for home and office use in
     the United States;

2.   For some period of time between June 11, 1993
     and October 13, 1999, 3M possessed monopoly
     power in the relevant market, including the
     power to control prices and exclude
     competition in the relevant market;

3.   For some period of time between June 11, 1993
     and October 13, 1999, 3M willfully maintained
     such monopoly power by predatory or
     exclusionary conduct; and

4.   For some period of time between June 11, 1993
     and October 13, 1999, 3M's predatory or
     exclusionary conduct harmed competition.

(06/09/2005 Order at 1-2) (emphasis added to amended language.)

Because the Court's reconsideration of the May 30, 2005 Order

granted 3M substantial relief, the Court found that 3M's

alternative motion to certify for interlocutory appeal had been

mooted, but granted 3M ten days to renew said motion.  Presently

before the Court is 3M's Motion for Certification of paragraphs 2,

3, and 4 of the Court's June 9, 2005 collateral estoppel Order for

interlocutory appeal.

II.  LEGAL STANDARD

     Pursuant to 28 U.S.C. § 1292(b), a district court may certify

an order for interlocutory appeal if "[1] such order involves a

controlling question of law[,] as to which [2] there is substantial

ground for difference of opinion[,] and [3] an immediate appeal

from the order may materially advance the ultimate termination of

the litigation."  28 U.S.C. § 1292(b).  Before an order can be

certified for interlocutory appeal, all three factors identified in the statute must be satisfied.  See Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).  "The decision to certify an order for appeal under § 1292(b) lies within the sound discretion of the trial court."  Fox v. Horn, No. Civ. A. 98-5279, 2000 WL 288388, at *1 (E.D. Pa. Mar. 13, 2000)  (quotation omitted). Certification, however, is only appropriate in exceptional circumstances, and "[a] district court should be mindful of the strong policy against piecemeal appeals when exercising its discretion."  Koken v. Viad Corp., No. Civ. A. 03-5975, 2004 WL 1240672, at *1 (E.D. Pa. May 11, 2004).

In deciding whether to certify an order for interlocutory appeal, "[t]he key consideration is . . . whether the order . . . truly implicates the policies favoring interlocutory appeal. . . . Those policies . . . include[] the avoidance of harm to a party pendente lite from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense." Katz, 496 F.2d at 756.  "The moving party bears the burden of showing . . . that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'"  Fox, 2000 WL 288388, at *1 (quoting FDIC v. Parkway Executive Office Ctr., Nos. Civ. A. 96-121, 96-122, 1997 WL 611674, at *2 (E.D. Pa. Sept. 24, 1997)).

III. DISCUSSION

3M seeks certification of the Court's June 9, 2005 Order for interlocutory appeal on grounds that it pertains to a controlling question of law as to which substantial grounds for difference of opinion exist, and immediate appellate review would materially advance the ultimate termination of this litigation.

A.    Controlling Question of Law

"The Third Circuit has defined a controlling issue of law as one that 'would result in a reversal of a judgment after final hearing.'"  Koken, 2004 WL 1240672, at *1 (quoting Katz, 496 F.2d at 755).   Accordingly, "[a] controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal."  Katz, 496 F.2d at 755.  In determining whether an issue presents a controlling question of law, courts should be mindful that resolution of the issue need not be determinative of any claim on the merits, and a possible reversal of the relevant order need not terminate the litigation. Katz, 496 F.2d at 755.  Rather, the Third Circuit has suggested that "'controlling' means serious to the conduct of the litigation, either practically or legally.  And on the practical level, saving of time of the district court and of expense to the litigants [is] deemed . . . to be a highly relevant factor."  Id. (internal citations omitted); see also 19 James W. Moore, et al., Moore's Federal Practice ¶ 203.31[3] (3d ed. 2003) (a controlling question

of law is one that "has the potential of substantially accelerating disposition of the litigation").

Bradburn opposes the Motion on grounds that the Court's June 9, 2005 Order does not involve a question of law because 3M's objections to the Court's ruling turn on what was actually litigated in LePage's, which is a largely factual issue.  However, the issue before the Court is not the nature of 3M's objections to the Court's June 9, 2005 Order, but whether the Order itself concerns a controlling question of law.  See Katz, 496 F.2d at 755. There can be little doubt that the Court's June 9, 2005 Order applying offensive collateral estoppel to certain facts established in LePage's was a ruling on an issue of law.  See Witowski v. Welch, 173 F.3d 192, 197 (3d Cir. 1999) (in reviewing collateral estoppel order, question is whether district court correctly applied the law to determine that certain matters were barred). Moreover, the Court finds that, although the June 9, 2005 Order "clearly is not 'controlling' of these proceedings in the sense that it is substantively dispositive of their outcome[,] . . . the ruling does control many aspects of the proceedings in substantial respects."  In re Microsoft Corp. Antitrust Litig, 274 F. Supp. 2d 741, 742 (D. Md. 2003) (certifying court's order applying collateral estoppel to preclude relitigation of certain issues in antitrust action for interlocutory appeal) .  Indeed, the Court's June 9, 2005 collateral estoppel Order not only governs the scope

of the discovery the parties are currently conducting and the
evidence that the parties will present at trial, but also impacts
the other consumer actions that were filed against 3M in this Court
and elsewhere.  See Id.  Of course, "[n]othing is more central to
the proper structuring of the private antitrust litigation[s]
against [a Defendant] than the question of whether [the Defendant]
is entitled to relitigated findings found against it in [the prior
litigation]."  Id.  The June 9, 2005 Order is, therefore, serious
to the practical and legal conduct of this and the other related
antitrust actions against 3M.  Katz, 496 F.2d at 755.  Moreover,
the parties do not dispute that the Order, "if erroneous, would be
reversible error on final appeal."  Id.  Accordingly, the Court
concludes that the June 9, 2005 collateral estoppel Order presents
a controlling question of law.

    B.    <u>Substantial Ground for Difference of Opinion</u>

       Substantial grounds for difference of opinion exist when there
is genuine doubt or conflicting precedent as to the correct legal
standard.  <u>P. Schoenfeld Asset Mgmt. LLC. v. Cendant Corp.</u>, 161 F.
Supp. 2d 355, 360 (D.N.J. 2001); <u>Parkway</u>, 1997 WL 611674 at *3.
Bradburn argues that there is no ground for difference of opinion
in this case because there is no genuine doubt about the correct
legal standard, and the Court's collateral estoppel memoranda fully
addresses all relevant issues.  The June 9, 2005 Order approved the
application of offensive non-mutual collateral estoppel, which the

Third Circuit has cautioned against invoking in most cases without
"extreme care."  Witowski, 173 F.3d at 206.  The Court notes that
the June 9, 2005 Order required the resolution of several difficult
issues regarding the availability of collateral estoppel in this
judicial circuit, which the Third Circuit has not yet had an
opportunity to address.   The Court, therefore, finds that
substantial ground for difference of opinion exists regarding
whether collateral estoppel is available in this action  to the
full extent permitted by the June 9, 2005 Order.

       C.    Material Advancement of Litigation's Ultimate Termination

      The Third Circuit has noted that in assessing the requirement
of a likelihood of materially advancing the ultimate termination of
the litigation, "[t]he district court's opinion about settlement
possibilities, about the potential length of a possibly avoidable
trial, and similar matters" is crucial.  Katz, 496 F.2d at 754.  It
has generally been recognized that "'[w]here discovery is complete
and the case is ready for trial an interlocutory appeal can hardly
advance the ultimate termination of the litigation.'"  Parkway,
1997 WL 611674, at *3 (quoting Rottmund v. Continental Assurance
Co., 813 F. Supp. 1104, 1112 (E.D. Pa. 1992)).  Bradburn argues
that an interlocutory appeal would not materially advance the
ultimate termination of this litigation because the appeal could
very well result in the prolongation rather than prompt termination
of this action.  However, 3M has not requested a stay pending the

Third Circuit's review of the June 9, 2005 Order, and insists that
"[t]he discovery and trial deadlines [will be] unaffected, and the
case [will] proceed[] as scheduled."  (Def.'s Reply at 5.)
Moreover, this case is not one which stands on the brink of
ultimate disposition in this Court, as discovery is currently
underway and trial is not scheduled to take place until May 30,
2006.  Rather, there is a strong likelihood that the trial of this
action will require lengthy proceedings, and the taking of an
appeal with respect to the June 9, 2005 Order after discovery,
trial, and final decision by this Court could result in the need
for additional discovery and a new trial.  See Gen. Dynamics Corp.
v. Am. Telephone and Telegraph Co., 658 F. Supp. 417, 419 (N.D. Il.
1987).  Accordingly, denial of the instant Motion could result in
"a senseless waste of private and public resources and an
unconscionable delay in the final resolution of these proceedings."
In re Microsoft, 274 F. Supp. 2d at 743.  The Court, therefore,
finds that the June 9, 2005 Order concerns a controlling question
of law as to which substantial ground for difference of opinion
exist, an appeal from which may materially advance the ultimate
termination of this litigation.

IV.  CONCLUSION

    The Court concludes that all three factors under 28 U.S.C. §
1292(b) are satisfied and certification for interlocutory appeal of
paragraphs 2, 3, and 4 of the June 9, 2005 Order truly implicates

the policies favoring interlocutory appeal.  Accordingly, 3M's "Motion for Certification of the Court's June 9, 2005 Collateral Estoppel Order Pursuant to 28 U.S.C. § 1292(b)" is granted.  As neither party has asked for a stay of the litigation pending interlocutory appeal, the discovery and trial deadlines remain unaffected and the case will proceed as scheduled in this Court.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
BRADBURN PARENT TEACHER        :
STORE, INC.,                   :
On Behalf of Itself and        :
Others Similarly Situated      :        CIVIL ACTION
                               :
            v.                 :
                               :        NO. 02-7676
3M (MINNESOTA MINING AND       :
MANUFACTURING COMPANY)         :
```

## O R D E R

**AND NOW,** this _____ day of _____, 2005, upon consideration of Defendant 3M's "Motion for Certification of the Court's June 9, 2005 Collateral Estoppel Order Pursuant to 28 U.S.C. § 1292(b)" (Doc. No. 243), all documents submitted in response thereto, and the Argument held on May 9, 2005, **IT IS HEREBY ORDERED** that said Motion is **GRANTED,** and paragraphs 2, 3 and 4 of the Court's June 9, 2005 Order (Doc. No. 235) **ARE HEREBY CERTIFIED** for interlocutory appeal.  **IT IS FURTHER ORDERED** that this case shall continue to **PROCEED** as scheduled in this Court, and all dates and deadlines **REMAIN** as previously ordered.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.